# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Case No. 1:11CR00037 |
| v. | **OPINION AND ORDER** |
| CHARLES EARNEST "SONNY" HAVENS, JR., | By: James P. Jones<br>United States District Judge |
| Defendant. | |

*Charles Earnest "Sonny" Havens, Jr., Pro Se Defendant.*

Charles Earnest "Sonny" Havens, Jr. is currently serving a term of incarceration imposed by this court for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 and § 841(b)(1)(A). On February 23, 2015, I denied Havens' motion for a sentence reduction pursuant to Amendment 782 to the U.S. Sentencing Guideline Manual ("USSG") and 18 U.S.C. § 3582(c)(2). (Order, ECF No. 262.) Havens asks the court to reconsider its prior order.[1]

---

[1] Although styled as a "Motion for Sentence Clarification," the court will treat the Motion as a motion to reconsider its denial of Havens' motion for a sentence reduction pursuant to Amendment 782. Although the court has no authority to reconsider its prior order, *United States v. Goodwyn*, 596 F.3d 233, 235–36 (4th Cir. 2010), I will reach the merits because it does not change the outcome in any event.

Havens' sentence was determined as follows. Havens pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine — a charge which carried a statutory mandatory minimum sentence of 20 years. *See* 21 U.S.C. § 841(b)(1)(A). At sentencing, I adopted the probation officer's finding that Havens was a Career Offender based on his prior felony convictions. *See* USSG § 4B1.1. Havens' Adjusted Offense Level for the drug conspiracy conviction was 34. Due to his status as a Career Offender, however, Havens received a scoring to an Offense Level of 37. With downward adjustments for acceptance of responsibility, Havens' Total Offense Level was 34, which, with a Criminal History Category of VI, as required by the Career Offender guideline, yielded an advisory range of 262 to 327 months imprisonment. Taking into account the factors required by 18 U.S.C. § 3553(a), however, I varied downward from the guidelines range and imposed a sentence of 240 months, the statutory mandatory minimum sentence.

Due to Havens' status as a Career Offender and the fact that he was sentenced to the statutory mandatory minimum sentence, I denied his motion for a sentence reduction pursuant to Amendment 782. Havens asks the court to clarify and reconsider its prior order. Unfortunately for Havens, however, the court has no authority to reduce his sentence. First, absent limited exceptions not present in this case, a court cannot sentence a defendant below the statutory mandatory

minimum term. *See United States v. Allen*, 450 F.3d 565, 568 (4th Cir. 2006). Second, since Havens was sentenced as a Career Offender, his guideline range was not affected by Amendment 782 and he is not eligible for a reduction. *United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010) ("[A] district court lacks the authority to grant a motion for a reduced sentence under [the applicable amendment] if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision." (footnote omitted)).

The source of Havens' misunderstanding appears to be his belief that his sentence cannot have been based simultaneously on the Career Offender guideline and the statutory mandatory minimum. Although Havens was ultimately sentenced to the statutory mandatory minimum due to the court's variance from the guidelines, however, eligibility for sentence reductions pursuant to Amendment 782 is "determined before consideration of any departure provision in the Guidelines Manual *or any variance*." USSG App. C, Amend. 759 (2014) (emphasis added). Thus, Havens' "applicable guideline range is based on the career offender provision and is unaffected by a subsequent departure." *United States v. Quarles*, 889 F. Supp. 2d 783, 788 (E.D. Va. 2012). In short, Havens' Career Offender status and the fact that he was sentenced to the statutory mandatory minimum sentence provide separate, independent reasons to find him ineligible for a sentence reduction pursuant to Amendment 782.

-3-

For these reasons, it is so **ORDERED** that the Motion to Reconsider (ECF no. 269) is DENIED.

        ENTER: August 18, 2015

        /s/ James P. Jones
        United States District Judge