# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) Case No. 1:11CR00037-003 |
| v. | ) **OPINION AND ORDER** |
| **CHARLES EARNEST HAVENS, JR.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, a federal inmate previously sentenced by this court, has filed by counsel a motion seeking compassionate release from his sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." The defendant's motion has been fully briefed and is ripe for decision.

I.

Havens was sentenced by this court on August 10, 2012, after pleading guilty to conspiring to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  In return, the government dismissed two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of possession of a firearm by a convicted felon and drug user, in violation of 18 U.S.C. § 922(g)(1) and (g)(3).  In a written Plea Agreement, the government also agreed to dismiss two of the three prior felony drug convictions charged in an Information filed pursuant to 21 U.S.C. § 851.  Havens was determined to be a Career Offender under the Sentencing Guidelines, with a sentencing range of 262 months to 327 months.  The court varied below the guideline range and sentenced him to the statutory mandatory minimum of 240 months imprisonment.  His present projected release date is December 6, 2028.

Havens is now 49 years old.  He has been diagnosed and treated for hypertension, migraines, chronic viral hepatitis C, pulpitis, and acid reflux while incarcerated.  Bureau of Prisons Health Services Current 11-12, ECF No. 333.  Havens is incarcerated at FCI Bennettsville, in Bennettsville, South Carolina.  FCI Bennettsville has three active inmate cases and two active staff cases as of June 29, 2020; four inmates and four staff members have recovered from Covid-19.  Federal

Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited June 29, 2020).

Havens requested compassionate release from the Bureau of Prisons on April 21, 2020. The Warden denied his request on May 15, 2020. Havens filed his present motion with this court on May 21, 2020, seeking a reduction in his sentence based on his purported health risks from the ongoing coronavirus pandemic. Havens also argues that he would likely face a lesser sentence today because of changes in the law, which at most would subject him to 180-month mandatory minimum, with a guideline range of 92 to 115 months. Def.'s Reply 8, ECF No. 338.

In its response, the United States argues that the BOP has adopted adequate policies to protect inmates and staff from infection. The government argues that Havens' underlying health conditions do not put him at a higher risk of contracting Covid-19, and further contends that Havens is not a good candidate for compassionate release due to his extensive criminal record, his recidivism risk, and his continued misconduct while incarcerated.

## II.

The government does not assert that Havens has failed to fully exhaust his administrative remedies.[1] Therefore, Havens' request is ripe for consideration.

---

[1] In considering § 3582(c)(2), regarding retroactive amendments to the sentencing guidelines, which is another exception to the statutory direction that the court cannot modify a sentence once imposed, the Fourth Circuit held that the lack of a prerequisite to

The U.S. Sentencing Guidelines Manual ("USSG") advises that a court should consider three issues before turning to the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable: (1) whether extraordinary and compelling reasons warrant the reduction; (2) whether the inmate is a danger to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether such a reduction is consistent with the policy statement.  USSG § 1B1.13.

Havens was expelled in the ninth grade for fighting and never returned to school nor obtained a GED, although he has specialized construction training.  He has worked in the HVAC industry, general contracting, and carpentry when not incarcerated.  Havens has an extensive criminal history that includes numerous convictions for drug distribution and possession.  He also has a long substance-abuse history.  He started with marijuana and alcohol, and he eventually expanded to methamphetamine and opiates while raising his two then-minor children as sole parental custodian.  He has attempted substance abuse treatment on at least four

---

a motion for reduction in sentence did not raise a jurisdictional issue. *United States v. May*, 855 F.3d 271, 274–75 (4th Cir. 2017) (noting that "[t]he Supreme Court requires Congress to 'clearly state[] that a threshold limitation on a statute's scope shall count as jurisdictional' before a court can treat the limitation as such.") (citing and quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006)).  Based on this precedent, I do not find that failure to exhaust administrative remedies is a jurisdictional bar under § 3582(c)(1)(A) and thus it can be waived by the government.

occasions prior to his current incarceration. He has served less than half of his 240-month sentence.

The facts supporting his conviction are serious in nature. Havens was involved in a large methamphetamine distribution network in Southwest Virginia that distributed approximately 19 kilograms of methamphetamine over a three-year period. The parties stipulated that Havens was accountable for at least 500 grams of crack cocaine, although his Presentence Investigation Report found that he was personally accountable for at least 567 grams. When arrested, Havens was in possession of methamphetamine, a large amount of cash, and a .380 caliber handgun. Moreover, Havens has demonstrated an inability to comply with supervision requirements and he committed the crimes for which he is currently incarcerated while on supervision. Havens has struggled with substance abuse for decades, and his addiction has continued during his current incarceration. He has admitted to committing six infractions while incarcerated, four of which involved drugs or alcohol. Ultimately, Havens has shown a consistent refusal to follow the rules both while on supervision and since he has been incarcerated, and he may continue this noncompliance if he were to be released at this stage. Considering these facts and the § 3553(a) factors, including the need for deterrence and to protect the public, I find that Havens is not qualified for such extraordinary relief.

III.

For the reasons stated, it is **ORDERED** that the defendant's motion, ECF No. 328, is DENIED.

        ENTER: June 30, 2020

        /s/  JAMES P. JONES
        United States District Judge